# KASTER *vs.* McWILLIAMS.

[MOTION AGAINST SHERIFF, FOR FAILURE TO MAKE MONEY ON FI. FA.]

1. *Exemption of homestead from levy and sale under execution.*—A house and lot, which are not in the actual possession of the defendant in execution, but are rented out, are not exempt from levy and sale under execution against him, under the statute (Code, § 2462) which exempts the homestead.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. JOHN K. HENRY.

THIS was a motion by Henry Kaster, against E. C. Mc-
Williams, as the sheriff of said county, for failing to make
the money on an execution, when by due diligence it might
have been made. The execution was founded on a judg-
ment for one hundred and twenty-seven 80-100 dollars, be-
sides costs, which said Henry Kaster recovered in said cir-
cuit court, on the 19th April, 1860, against one Daniel
McLaughlin; was issued on the 7th August, 1866; came to
the hands of said McWilliams, as sheriff, on the next day;
and was by him levied, on the 10th August, 1866, on a house
and lot in the town of Camden, containing about ten acres.
The defendant in execution having claimed the house and
lot, as exempt from levy and sale under the statute, and
having made the statutory affidavit prescribed in such
cases, the sheriff thereupon summoned three disinterested
freeholders, to assess the value of the property; by whom
one half of the lot, including the house, was assessed at
five hundred dollars. The other half of the lot was sold
by the sheriff, after due advertisement, for twenty-five dol-
lars; of which sum, after paying costs, a balance of eighteen
dollars was applied to said execution; and the sheriff re-
turned the execution on the 11th October, 1866, stating
these facts in his return. The motion was heard and de-
termined by the court, at its October term, 1866, without
the intervention of a jury. "It was in evidence before the
court," as the bill of exceptions states, " that at the time said
execution was issued, received, and levied by the sheriff,
and continuously up to the hearing of this motion, said
McLaughlin, the defendant in execution, was the owner of
the said house and lot in said county, on which said execu-
tion was levied by the sheriff, and which was correctly de-
scribed in said levy; that said McLaughlin, in November,
1865, moved from Wilcox county, with his family and fur-
niture, into Dallas county, and occupied with his family a
rented house in Selma; that in November, 1865, before said
removal, he rented out said house and lot in Camden to
one Marquis, who went into the possession of said premises

as his tenant, and has ever since remained in possession under said contract of lease, which has not yet expired. This being all the evidence on the trial, the court overruled the plaintiff's motion, and decided that the premises so levied on, and which had been set apart by the freeholders as aforesaid, to the value of five hundred dollars, were exempt from levy and sale under execution; to which ruling and decision said plaintiff excepted," and which he now assigns as error.

COCHRAN & DAWSON, for appellant.
S. J. CUMMING, *contra*.

A. J. WALKER, C. J.—The only question of this case is, whether a house and lot, not occupied by the owner, but rented out, can be exempt from levy and sale. Is the exemption dependent upon the fact, that the family has the place in actual use? The exemption of real property is for the use of the family, and must be such as may be selected by the head of the family, to include the homestead. We think the statute clearly contemplates that there should be an the actual use by the family. This is demonstrated by the provision that the exemption is for the use *of the family*—that the *retention* is for the use *of the family*. The renting of land may be a source of profit, which contributes to the support of a family; but that is not the sort of use intended. The land, when rented, does not, of itself, *in the use of the thing*, supply "the comforts, wants, and requirements of the family." The statute contemplates *the use of the thing*, not of its profits, or of an income derived from it. The family could only be said to be in the use of land rented, when it enjoyed the money arising therefrom. The money thus derived is not exempt; and it would be absurd to say that the land is in the use of the family, because the rent goes to maintain it, and is therefore exempt; and yet the rent, when received, is liable to the claims of creditors. The principle that the *thing* exempted must be so in the use of the family as to supply its comforts, wants, or requirements by such use, is settled in *Allman v. Gann*, 29 Ala. 240.

Reversed and remanded.