Melton v. Andrews.

## MELTON vs. ANDREWS.

[EJECTMENT—HOMESTEAD EXEMPTION.]

1. *Debtor; what real property may claim as exempt.*—A debtor may select any portion of his real estate, whether in his actual possession or not which he may prefer, not to exceed the limitation prescribed by law, to be exempt from levy and sale under legal process; provided the selection is not unreasonable or capricious.

APPEAL from Circuit Court of Elmore.
Tried before Hon. GEORGE GOLDTHWAITE.

The facts are sufficiently stated in the opinion.

JEFFERSON FALKNER, for appellant.
RICE & WILLIAMS, *contra.*

[The briefs did not come into the Reporter's hands.]

B. F. SAFFOLD, J.—The appellee sued to recover of

the appellant certain lands which he had purchased at a sheriff's sale under execution against the latter. The appellant defended for forty acres, which he claimed to be exempt from levy and sale.

The particular matter in dispute may be stated as follows: The defendant in execution was the owner of a tract of land, on which were two dwelling houses. He was residing in one at the time the judgment was rendered against him. Before the sale, he exhibited to the sheriff a proper claim of exemption to that portion of his land on which the other house was situated. Altnough the land was all contiguous, the houses were sufficiently far apart to admit of the selection of but one. The court charged the jury that the defendant could only have been entitled to the homestead at which he resided when the judgment was rendered, but not having claimed that part, he had lost the right entirely. The judgment was in accordance with this charge, and from it the defendant appeals.

Section 2880 of the Revised Code exempts from levy and sale, under any legal process, " such real property as may be selected by the head of the family, to include the homestead, not to exceed," &c., for the use of the family. In *Kaster v. McWilliams*, 41 Ala. 302, it was decided that a house and lot not in the actual possession of the defendant is not exempt from levy and sale, on the ground that the statute requires a personal use by the family.

The inclusion of the homestead seems to have been intended as a privilege to the family. There is no requisition in the law that the land selected shall be in one body. A house on one acre, or less, might be chosen with other land entirely apart from it, so far as the statute is concerned. Nor does it require that the homstead should exist for any particular time before the sale, but repeated decisions affirm that the subjects of exemption may be selected at any time before the sale. Nor is the existence of a homestead indispensable to the exemption.

The reservation of property for the use of families was intended to avoid, so far as the law was concerned, that extreme destitution which paralyzes both body and mind. The manner of its use is immaterial to the creditor, and

the fact that another can or does use it more advanta-
geously for the family than they can, is no reason for de-
priving them of it.    The creditor is interested in the value
reserved, not in the subject matter or the quantity.    If the
habitation at any particular time was the principal object
of protection, the exemption would have been confined to
that.    If the family may not employ other labor than their
own upon the property, then a family unable to labor per-
sonally would be less provided for, because of their inabil-
ity.    The law never intended to make such a distinction.

We, therefore, decide that a debtor may select any por-
tion of his real estate, whether in his actual possession or
not, which he may prefer, not exceeding in value the limit-
ation prescribed ; provided the selection is not unreasona-
ble or capricious.

The judgment is reversed, and the cause remanded.