# McConnaughy *v.* Baxter.

*Statutory Real Action in Nature of Ejectment.*

55　379
97　568
55　379
102　311
55　379
107　470

1. *Homestead exemption; occupancy necessary to constitute.*—A homestead exemption, under the provisions of the constitution and the act of 1873, can only be claimed in premises capable of occupancy as a residence, and actually occupied as such; but a temporary absence, *animo revertendi*, might not work

[McConnaughy v. Baxter.]

an abandonment of a homestead once acquired; and where the present occupancy is contemplated, though it may be postponed from necessity or convenience for a reasonable time, the premises might probably be within the protection of the law. (Overruling *Melton v. Andrews*, 45 Ala. 453.)

2. *Description of lands, in order of sale under execution.*—In an order of sale granted by the Circuit Court, of lands on which an execution from a justice's court has been levied, a description of a town lot by its number, and the name of the street on which it is located, is sufficiently definite and certain; and if it is so described in the motion, as entered on the docket or minutes, and the order of sale refers to the motion, this is sufficient.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. WM. S. MUDD.

This action was brought by Lucien A. Baxter, against Thomas McConnaughy, to recover a town lot in Birmingham, to which the plaintiff derived title under a purchase at sheriff's sale, made pursuant to an order of the Circuit Court, after the levy of an execution from a justice's court, issued on a judgment rendered by the justice, in favor of the plaintiff, and against the defendant in this action; and which the defendant claimed as his homestead exemption. The justice's judgment was rendered on the 26th March, 1872; the execution was regularly levied on the land, for want of personal property, on the 16th December, 1874; the order of sale was made at the next ensuing term of the court, in April, 1875; and this action was commenced on the 26th July, 1875. The record does not show when the sale by the sheriff was made, and his deed to the plaintiff is not set out. The rulings of the court to which exceptions were reserved on the trial, and which are now assigned as error, are stated in the opinion of the court.

J. J. JOLLY, for appellant.

PHELAN & CLARKSON, *contra.*

BRICKELL, C. J.—This was an action in the nature of an ejectment, commenced by the appellee, for the recovery of a lot in the city of Birmingham. The appellee recovered judgment against the appellant, before a justice of the peace, on which an execution issued, and, for the want of personal property, was levied on the lot, as the property of appellant. The execution, with its levy, was sent to the Circuit Court, and an order of sale granted, the appellant's claim of exemption to the lot having been overruled by the court. An order of sale was issued, by authority of which the sheriff made sale of the lot; and the appellee became the purchaser, receiving a conveyance. Possession having been demanded of the appellant, and he refusing to surrender, this action was

brought. The only improvement on the lot was a black-smith shop, in which work was occasionally done by appellant, his agents, or employes. It had never been used or occupied as a dwelling-place by appellant or any one else. It was the only real estate owned by the appellant; but it is not shown that its occupancy as a homestead was contemplated. The appellee offered in evidence the judgment of the Circuit Court, ordering a sale of the lot; to the admission of which the appellant objected, because the court had no authority to render the judgment, and because the description of the land contained in the judgment entry was insufficient, and because the lot was exempt from levy and sale. The objection was overruled, and the record of the judgment received as evidence. The court charged the jury that, under the facts, the lot was not exempt from levy and sale, and the appellee was entitled to recover. An exception was reserved to these rulings, and they are now assigned as error.

The constitution, and the statute approved April 23, 1873, to carry it into effect (Pamph. Acts, 1872–3, p. 64), exempt from levy and sale for the payment of debts the homestead of residents of the State. The words of the constitution are clear: "Every homestead," etc., "owned and occupied by any resident of this State." The same words are employed in the statute, as descriptive of the real estate which cannot be subjected to sale for the payment of debts. It is not real estate, nor an interest in real estate, as such, without regard to its use, or its capacity of use, for a specific purpose, that is freed from liability to debts. Unless devoted to use and occupancy as a home, a dwelling-place, protection is not extended to it. It is because of its use and occupancy as a home—to secure and preserve it as such—that exemption from sale under judicial process is granted. Land not impressed with the character of a dwelling-place—a home—is not within the letter or spirit of the constitution, or the statute. The policy in which the exemption has its foundation—the protection of the roof which shelters the citizen—does not embrace it. Personal property, without regard to its kind, or character, or the uses to which it is appropriated, of the value of one thousand dollars, if the subject of seizure under judicial process, is exempt. From all that he owns, the debtor may select that which he will retain. Land of a particular value is not exempt, and the right of selection from all the lands the debtor may own is not secured. It is the *homestead, owned and occupied*, not exceeding in value two thousand dollars, nor in quantity one hundred and sixty acres, with the *dwelling and appurtenances*, or a lot owned and

occupied, with the *dwelling and appurtenances*, in a town, city, or village, not exceeding in value two thousand dollars, which is relieved from liability to levy and sale.

The change in the phraseology of the exemption of personal property, and of the exemption of the homestead, is expressive of the difference in the purpose and character of the exemptions. If the intent of the law-maker had been to exempt real estate as such, of a particular value or quantity, without regard to its uses, it would have been expressed as in the exemption of personal property. Words describing the character of the real estate, limiting the right to real estate devoted to a specific use, would not have been introduced. Actual occupancy—possession of the premises as a home—is the fact which draws them within the exemption. It is this fact which circumscribes the owner's power of alienation, if he is a married man, and renders the voluntary assent and signature of his wife necessary to the validity of any conveyance he may make. It is said by Mr. Washburn, in his chapter on Homesteads, that while the laws of the different States vary as to the value, and the extent, and nature of the ownership required, "it will be found that, in some respects, the laws of all the States substantially agree, especially in requiring the premises to be occupied for family purposes as a home, by one who is a *resident* thereon, and makes it the dwelling-place of his family."—1 Wash. Real Prop. 329.

The Code exempted real estate, including the homestead, not exceeding in value five hundred dollars, or in quantity three hundred and twenty acres.—Revised Code, §§ 2880–82. In *Kaster v. McWilliams*, 41 Ala. 302, it was held, a house and lot not in the actual possession and use of the debtor or his family, but rented out, could not be claimed as a homestead, and was not exempt from levy and sale. Use by the family was clearly contemplated by the statute. We regard this decision as the correct exposition of the statute then in force, though it was departed from in *Melton v. Andrews*, 45 Ala. 454. It is equally a correct exposition of the present constitution and statute. The whole theory and policy of the constitution, and of the statute, must be departed from, the words violated, and other words introduced, unless the exemption is limited to the homestead, which is actually occupied as such. Temporary absence, the intent to return and occupy existing, might not work an abandonment of the right, as it would not of domicile. The actual occupancy having existed, its cessation being temporary, the *animus revertendi* would, in legal contemplation, continue it as to the home, the dwelling-place. Premises, the immediate occu-

pation of which as a homestead is contemplated, but which is deferred from necessity or convenience only for a reasonable time, would probably be entitled to protection during the interval of delay in actual occupancy. But a lot never occupied as a dwelling-place, and incapable of such occupancy, is not a *homestead*, within the constitution or the statute. The lot in controversy, not being the homestead of the appellant—never having been used or occupied as such—was subject to levy and sale. The charge of the court was, of consequence, correct, as was its ruling on the first and third grounds of objection to the admission of the record of the order of sale.

The case of *Melton v. Andrews, supra,* is in conflict with these views, and with the views expressed in *Miller v. Marx* and in *McGuire v. Van Pelt,* at present term, and is therefore overruled.

2. The order of sale refers to the motion, in which the lot is described by its number, and the street in the city on which it is located. This was a sufficient designation of the premises.—*Weir v. Clayton,* 19 Ala. 132.

We find no error in the record, and the judgment must be affirmed.