# Boyle *v.* Shulman, Goetter & Weil, and Boyle *v.* M. P. LeGrand & Co.

### *Claim of Exemption of a Homestead.*

1. *Only actual occupation can impress on land the character of a homestead.* Under the constitution, lands are not exempt from liability for payment of debts, unless they have been impressed with the character and quality of a.

[Boyle v. Shulman, Goetter & Weil, and Boyle v. LeGrand & Co.]

*homestead*, by actual occupation as a dwelling-place. When this character has been stamped on the land, a temporary absence, with the intention of returning and occupying the premises as a home, will not forfeit the right of exemption.

2. *Land leased for more than twelve months loses its character as a homestead.*—If a declaration and claim of exemption has been duly recorded in the office of the judge of probate, a temporary removal from the premises, or a. lease for a term of not more than twelve months, will not operate as an aban-. donment of the place as a homestead; if, however, there is a lease for a longer· term, and the acquirement of a homestead elsewhere, the right to exempt it. from levy and sale is forfeited.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

The following statement of facts in writing was admitted to be true by both parties, and by consent, was read to the jury as evidence in the case:

"That Shulman, Goetter & Weil, the plaintiffs, recovered a judgment at the June term of the Circuit Court of Montgomery, A. D., 1875, on a contract made after the 23d day of May, 1873, which judgment was for three hundred and thirty-one 62-100 dollars, besides costs; that execution was issued thereon and placed in the hands of the sheriff by the clerk, according to law, and within thirty days after the adjournment of said court. That afterwards, on the 27th day of April, 1877, another execution was duly and legally issued by said clerk on said judgment, and was by him placed in the hands of the sheriff on the 30th day of April, 1877, and was by him, the said sheriff, levied, according to law, on lot number one, in square number (14) fourteen, in Scott's plat, situated on the corner of McDonough and Pollard streets, fronting on said McDonough street sixty feet, and running back one hundred feet on Pollard street, in Montgomery, Alabama, which said property defendant has owned ever since the year 1870 up to the present time; that on the 30th day of August, 1877, the sheriff caused said property to be advertised for sale, according to law, to be sold on the first Monday in October, under said execution; that on the 26th day of September, 1877, the said Mary Boyle filed her exemption affidavit with the sheriff, claiming said property as exempt from levy and sale, under the constitution and laws of Alabama, and thereupon the sheriff gave plaintiffs due and legal notice of the filing of said exemption affidavit, and on the eighth day of October, 1877, the plaintiffs filed their affidavit with the sheriff, alleging that the defendant's claim of exemption is involved entirely in their belief as to the execution, and afterwards all the papers were returned by the sheriff to the clerk's office, according to law.

[Boyle v. Shulman, Goetter & Weil, and Boyle v. LeGrand & Co.]

" It is further agreed by the parties that the defendant did not reside upon and occupy the said premises, or any part thereof, from the second day of April, 1875, to the seventh day of October, 1877 ; that during said period, she lived in and occupied a house belonging to the estate of her deceased husband; that during said time she rented said premises so levied upon, to one William S. Hughes, under two written leases, by one of which she rented said premises to him from said second day of April, 1875, to the first day of October, 1876, and by the other lease she rented said property to him from the first day of October, 1877, to the first day of January, 1878 ; that on the seventh day of October, 1876, she, with the consent of said Hughes, annulled said second lease, and on that day entered upon and took possession of said premises, since which day she has continued to occupy the same, but from said second day of April, 1875, to the second day of October, 1877, the said Hughes continually occupied said premises under said lease.

" It was further agreed, that either party may introduce any witness, or witnesses, subject to legal objections."

The defendant, Mary Boyle, testified that "she was a widow, poor, and had five children dependent upon her for support; that she could save money by renting out the property in question, and by renting for her own occupancy a smaller house for a less sum, than she could get for her own house, which she did ; that she gave the second and last lease because she had personally given a mortgage for several hundred dollars on said property; that the same was due and unpaid, and the mortgagee was threatening to foreclose ; that the party to whom she rented offered to pay off said mortgage for said lease, and that not being able to raise the money otherwise, she, on said consideration, gave said lease." She further testified that "she was a resident citizen of the city of Montgomery, and had been so continuously for a long period of time, to-wit, twenty years, and that she claimed no other homestead than the property in question." This was all the evidence in the case, and the court charged the jury that "they will look to all the proof introduced, consisting of the admissions agreed upon between the parties and the oral proof made by the defendant to ascertain the intention of the defendant to abandon her homestead, and if they find she did in fact abandon her homestead by leasing it out, as specified in the admissions, then they should find for the plaintiffs." To this charge the defendant excepted.

[Boyle v. Shulman, Goetter & Weil, and Boyle v. LeGrand & Co.]

The defendant requested the court to give the following charges, which were in writing :

" 1.  If the jury believe from the evidence that the defendant is now in the actual occupancy in good faith of the property in question, claiming the same as a homestead, then they must find in favor of the defendant; provided, they further find she is a resident of the State of Alabama.

" 2.  The status of the defendant to the property at the time of the trial of the right of exemption and before sale must govern, and if the jury find the defendant is a resident of the State of Alabama, and that she now, in good faith, owns and occupies the property in question as a homestead they must find for the defendant."

The court refused to give the foregoing charges, and to each refusal the defendant, severally and separately, excepted.

JOHN GINDRAT WINTER and R. M. WILLIAMSON for appellant.

SAYRE & GRAVES for appellees.

BRICKELL, C. J.—These causes dependent on the same facts, involving the same legal questions, were submitted together.　In numerous cases, this court has declared, that it is not land merely, a debtor may select and retain as exempt from liability to the payment of his debts.　On the land at the time of the selection or claim there must be impressed the character and quality of a *homestead*.　It is the *homestead* only, which is withdrawn by the constitution and laws from the just claims of creditors.　Actual occupation as a dwelling place, as a home, is the characteristic which distinguishes it from other real estate.　A temporary absence from it, the character of a homestead having been impressed by a prior occupation, with the intention to return and occupy it as a homestead, would not operate an abandonment or forfeiture of the right to claim and retain it as exempt from the payment of debts.　A man can no more have two homes, than he can have two domicils, at the same time.　During his absence temporarily, occupation may remain with his servants or agents.　But if he transfers his occupation and right of possession to a tenant, disabling himself for a term, from returning and resuming possession at pleasure, and acquires a home elsewhere, the right of homestead, and of exemption ceases.—*Austin v. Stanley*, 46 N. H. 51; *Horn v. Tafts*, 39 N. H. 478.

The present statute qualifies the principle. If there has been a declaration and claim of the premises recorded in the office of the judge of probate, a temporary leasing or quitting for a term of not more than twelve months, at any one time, is not an abandonment of the homestead right.—Code of 1876, § 2843. It was an undisputed fact that at the time of the levy on the premises now claimed, they were in possession of a tenant of the appellant under a lease for a term of more than one year. The lease was made for the purpose of deriving profits from the premises, to extinguish an incumbrance on them. The appellant had acquired a homestead elsewhere, which was in her actual occupancy; and until after the levy, there was no selection or claim of these premises, and the claim when made was unattended with occupation. The leasing of the premises for a longer term than twelve months, and the acquisition of a homestead elsewhere, was an abandonment of the right of exemption. That right is conferred to protect the roof that shelters, and can not be converted into a shield of investments in lands, from which rents and profits are to be derived, whatever are the purposes to which these may be applied. Nor is the intention of the appellant to return and resume possession on the expiration of the lease material. The fact remains that she had acquired a homestead elsewhere, and it is legally impossible for her to have two homes at the same time.

The homestead right must exist at the time it is claimed. The subsequent entry and occupation of the premises by the appellant could not retroact so as to give her claim a validity, it did not have when interposed. Shifting the dwelling from one place to another, under the pressure of, and to avoid legal process to compel the payment of debts, is not sanction by the letter or spirit of the constitution, or the statutes.

The judgments are affirmed.