# Stow *v.* Lillie.

*Statutory Action in Nature of Ejectment.*

1. *Homestead exemption; occupancy.*—Under the constitutional and statutory provisions which were of force in 1873-4, actual occupancy was necessary to support a claim of homestead exemption: if the owner removed from the premises, though under the advice of a physician, and with the declared in-

[Stow v. Lillie.]

tention of returning, and rented them out by the year, the exemption was forfeited and lost.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. H. D. CLAYTON.

This action was brought by Rabun S. Stow against Newell M. Thornton, tenant in possession, to recover the possession of a house and lot in the town of Lawrenceville in said county, containing about two acres, together with damages for its detention; and was commenced on the 8th February, 1878. Mrs. Mary F. Lillie, widow of George Lillie, deceased, was made a party defendant, as the landlord of tenant in possession; and she defended under a claim of homestead exemption, while the plaintiff claimed under a sheriff's deed and purchase at execution sale against said George Lillie in his life-time. On the trial, as the bill of exceptions shows, the following facts were agreed on and admitted:

" Judgment was rendered in the Circuit Court of Henry, on the 8th September, 1874, against said George Lillie, for $506, on a demand created on the 20th June, 1873; execution on said judgment was issued on the 21st September, 1874, and an *alias* on the 22d April, 1875, which was levied on the land now sued for, as the property of said George Lillie. Said land, which was not worth $2,000, was sold by the sheriff under said *alias*, after due advertisement, on the 5th July, 1875; and the plaintiff became the purchaser at said sale, and received the sheriff's deed. At the time of said sale, one Batchelor was in the actual possession of said premises, holding in the manner and under the circumstances hereinafter named. George Lillie was the owner in fee of said premises for a number of years prior to 1875; was a married man, and the husband of the defendant in this case, Mrs. Mary F. Lillie, whom he had married some ten or fifteen years before, and with whom, as his wife, he continued to live up to the time of his death, which occurred on the 6th February, 1876. George Lillie had two children by his said wife, who were under the age of fourteen years in July, 1875, and are now living with their said mother, and dependent alone upon her physical labor and exertions for support and maintenance. Said premises were the actual homestead of said George Lillie, upon which he, with his said wife and children, actually lived until about the first of the year 1875; at and before which time, he had become in very ill health, which had rendered him very feeble, and debilitated physically, in so much that he was unable to carry on his business, he being a mechanic, and by which means alone his family was supported and maintained. About the first of said year,

1875, said Lillie being under the medical care of a physician, who resided near him, was advised by said physician that a change of location from his said residence was necessary to the improvement of his health ; and that a change from said premises to Eufaula, in said county, for a change of water and treatment by physicians in Eufaula, would greatly promote and improve his health ; and by said counsel and advice of his physician, in whom he had very great confidence, and who is justly held in high esteem in his profession, said Lillie was induced to move with his family to Eufaula about the first of the year 1875 ; and left said premises for the purpose of benefitting his health, and with the declared purpose and intention of returning, and continuing the actual occupancy of said premises as his homestead, as soon as his health should be restored, as he expected it would be, by said change.   After his removal to Eufaula, said Lillie continued to linger with the disease he had on going there, until he died with said disease.

" Before said Lillie actually left said premises, he had rented another place which belonged to him, and which adjoined said premises, to said Batchelor, for the year 1875, at the price of $50 ; and said Batchelor had taken possession, and was residing on said rented place with his family, the place having suitable buildings and conveniences for a residence and farm.   About the time said Lillie was preparing to go with his family to Eufaula, he rented the lot now sued for to one Couric, for $50 ; but Couric failed to comply with the contract, and the same was rescinded.   Said Lillie, before his removal, offered to rent the said house and lot to one Thornton, for $50, but Thornton declined ; and Lillie then saw said Batchelor, and asked him to exchange houses, and to take possession of the house and lot now sued for, at the same price ; and Batchelor did so.   Said Lillie thereupon rented the house vacated by said Batchelor, for the balance of the year 1875, to one Wilkins.   Under this agreement and arrangement, Batchelor claimed to have rented said house and lot for the balance of the year 1875, and so held possession of the same for that time.   Before the sale of said house and lot by the sheriff, said Lillie made and presented to him his claim in writing, in due form, of the exemption of said premises as his homestead ; but the sheriff, notwithstanding the said claim of exemption, proceeded and sold said premises, and plaintiff became the purchaser ; and the sheriff's said deed is the only evidence of title on which plaintiff relies in this suit.   Neither George Lillie nor his family have ever occupied the said premises, since the early part of the year 1875 ; and since the year 1875, the same has been rented out

[Stow v. Lillie.]

annually by Mrs. Mary F. Lillie, as the widow of said George Lillie, and she has claimed the same as the homestead of her said husband, and as the homestead of his family since his death. N. M. Thornton is now in actual occupancy of the same, under contract of rent from Mrs. Mary F. Lillie; and the value of the rent for the year is $25. Mrs. Lillie and her said minor children own no other land or premises as a homestead.

"The foregoing being all the evidence, the court charged the jury, at the written request of the defendant, if they believed the evidence, they must find for the defendant. The plaintiff excepted to this charge, and requested the court, in writing, to instruct the jury, if they believed the evidence, they must find for the plaintiff. The court refused to give this charge, and the plaintiff excepted to its refusal."

The charge given, and the refusal of the charge asked, are now assigned as error.

J. G. Cowan, and John D. Roquemore, for appellant, cited Kaster v. McWilliams, 41 Ala. 302; McConneghy v. Baxter, 55 Ala. 379; Shulman, Goetter & Weil v. Boyle, 59 Ala. 566.

D. M. Seals, contra.

MANNING, J.—We are not able to perceive any material difference between this case and that of Shulman, Goetter & Weil v. Boyle (59 Ala. 566). The debt, to satisfy which the property in controversy was sold, had its origin in 1873, and was reduced to judgment in 1874. The house and lot of land were leased to a third person for the year 1875, and afterwards, in such a manner that they were not and could not be occupied, during that time, as the homestead of the debtor or his family; and without being such homestead, the property was not exempt from execution. The act of February 9th, 1877, not having been then passed, the case is not brought within its 26th section, carried into the Code of 1876, as section 2843.

Let the judgment of the Circuit Court be reversed, and the cause be remanded.