# Lehman, Durr & Co. *v.* Bryan.

## *Homestead Exemption.*

1. *Conveyance of homestead, by husband to wife, not fraudulent.*—The conveyance by a husband to his wife of a homestead, even though voluntary, is not fraudulent.

2. *Abandonment of homestead; what constitutes.*— Temporary absence is not necessarily an abandonment. The *animus revertendi* of the owner is a material element in the determination of the question.

3. *Animus revertendi; how arrived at.*—The intention to return by circumstances and conditions attending the removal, including the declarations of the party accompanying the act.

4. *Declarations made after rights of creditors have intervened.*—Declarations made advantageous to the declarant after the rights of creditors have intervened, are entitled to but little, if any, weight.

5. *Animus revertendi; what constitutes.*—Where a husband left his home with his family, intending to return if his wife's health improved, *held :* The *animus revertendi* was not a present intention existing at the time of .the removal, and the removal forfeits exemptions.

APPEAL from Henry Circuit Court.

Heard before Hon. H. D. CLAYTON.

It appears from the record, that on March 9th, 1876, Lehman, Durr & Co. recovered a judgment against Henry Wechsler, in the Circuit Court of Henry county, upon which execution was issued and a levy made by the sheriff upon a stock of goods owned by the defendant. This stock of goods was claimed by W. Kelly & Bro., and pending the settlement of their suit, another execution was issued in favor of Lehman, Durr & Co., and levied upon a house and lot, the former home of Henry Wechsler. The house was then occupied by J. C. Bryan. The sheriff sold the house and lot under the last execution, and Lehman, Durr & Co. became the purchasers. They thereupon sued Bryan in detinue, and Wechsler filed his claim of exemption. The other facts appear in the opinion.

WM. C. OATES, for appellant.

HENRY R. SHORTER, *contra.*

SOMERVILLE, J.—If the property sued for in this action was the *homestead* of Henry Wechsler at the date of the deed made by him to his wife, and as such exempted from liability to execution for debts, the conveyance of it, even

VOL. LXVII.

though voluntary, would not be fraudulent as to creditors. Such property cannot be the subject of a fraudulent conveyance, for the reason that the rights of no creditor can be prejudiced by it.—*Fellows' Adm'r v. Lewis*, MSS.; Bump on Fraud. Con. p. 268; Thomp. on Homesteads, §§ 411-12.

The practical question presented for our decision is, do the facts stated show an *abandonment* of the homestead, and its consequent loss by forfeiture? Under the constitutional and statutory provisions in force at the time of the transaction, actual occupancy was necessary to support a claim of homestead exemption. Before the enactment of section 2843 of the Code of 1876, which provides that the temporary quitting or leasing of a homestead, for a period of not more than *twelve months* at any one time, shall be deemed an abandonment of it, and such lease or renting was held to operate as a forfeiture of the right of homestead.—*Koster v. McWilliams*, 41 Ala. 302.

Temporary absence, however, is not necessarily an abandonment. The *animus revertendi* of the owner is a material element in the determination of the question. This may be arrived at by circumstances and conditions attending the removal, including the declarations of the party accompanying the act, manifesting an intention of temporary or permanent absence, as the case may be. Declarations made advantageous to the declarant after the rights of creditors have intervened are entitled, however, to but little, if any weight. *Donley v. Ayres*, 23 Cal. 108 ; Thomp. Homesteads, § 270.

In the present instance, the premises claimed as a homestead were rented out before the existence of any statute permitting it. The owner removed, with his family, from the county, "intending to return *if his wife's health improved*, but never did return to, or occupy said house and lot." While the property continued to be so leased to a tenant, on August 15, 1877, Wechsler filed and recorded his exemption claim, and on the same day, made a voluntary conveyance of it to his wife, for the declared purpose of "securing a home to his wife and children, in case any accident should befall him." The purpose to return was on a contingency which might never happen. It was, therefore, an abandonment for the present, with the possibility of a future change in purpose. The *animus revertendi* was not a present intention existing at the time of the removal, but a mere possible, or at most probable, future purpose. Under the past decisions of this court, the homestead exemptions was forfeited, the facts constituting a clear case of abandonment.—*Stow v. Lillie*, 63 Ala. 257; *Boyle v. LeGrand & Co.* 59 Ala. 566; *McConnaughy v. Baxter*, 55 Ala. 379; Code, § 2843.

[Goldsby et al. v. Goldsby.]

Independently of the above considerations, even though the conveyance in question were valid, it would be sustained only in a court of equity. There was no transfer of the legal title effected by the deed from Wechsler to his wife, such as would enable the defendant in ejectment to resist a recovery at law.—*McMillan v. Peacock*, 57 Ala. 127 ; *Gamble v. Gamble*, 11 Ala. 966 ; *Puryear v. Puryear*, 12 Ala. 13.

The conveyance was fraudulent and void as against the appellants who purchased at the execution sale.

The court below erred in the charge given at the instance of the defendants, and also in refusing to give the charge requested by the plaintiffs. The judgment is reversed, and the cause remanded.