# Scaife *v.* Argall.

*Contest as to Right of Homestead Exemption.*

1. *Occupancy of homestead.*—As a general rule, subject to statutory exceptions, occupancy is essential to support a right of homestead exemption; and this occupancy must exist at the time when, but for it, the lien sought to be enforced would attach to the property.

2. *Lease of homestead; whether an abandonment or not.*—Under the statute which declares that a leasing of the homestead, "for a period of not more than twelve months at any one time, shall not be deemed an abandonment of it" (Code, § 2843), a lease for a term of twelve months is authorized, or for several terms aggregating not more than twelve months; but, if the owner does not resume possession at the expiration of the twelve months, and has put it out of his power to do so by making a new lease to commence at the expiration of the first, the right of homestead exemption is forfeited and lost.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. H. D. CLAYTON.

This was a contest as to the right to a homestead exemption, between J. F. Scaife as claimant, and Thomas M. Argall as plaintiff in execution. The property was described as "lot No. 304, in square No. 16, in the city of Eufaula;" and the evidence showed that it contained about one acre, and was worth about $1,600. The plaintiff's judgment was rendered on the 11th June, 1881; and an execution issued thereon, and placed in the hands of the sheriff on the 15th August, was by him levied on said lot on the 27th August. The defendant having claimed the lot, or his interest therein, as a homestead exemption, and his claim being contested by the plaintiff, an issue was thereupon made up between them, and submitted to a jury. On the trial of this issue, as the bill of exceptions shows, it was proved and admitted, that the house and lot belonged to the deceased wife of the defendant, the time of whose death does not appear, and was occupied by them as their homestead at the time of her death; that afterwards, on the 7th March, 1881, the defendant rented the property to one Bryant, until September 1st, 1881; "that Bryant occupied it a part of said term, but the trade was cancelled about the middle of the term; that defendant then rented it to L. Clisby, on the 7th September, 1881, until September 1st, 1882; that said Clisby, remained in possession until the end of the term, and was permitted to stay over until about the middle of November, 1882; that the

defendant was not in the actual occupancy of the premises, but did have control while Bryant was not in possession, from March 7th, 1882, to November 15th, 1882, or about that time;" and it was admitted, also, that the defendant, with his family, moved into the house again after the interposition of his claim in this case, and was in possession at the time of the trial. This being all the evidence, the court charged the jury, at the instance of the plaintiffs in execution, that they must find for the plaintiffs, if they believed the evidence; and this charge, to which the defendant and claimant duly excepted, is now assigned as error.

PUGH & MERRILL, for appellant.

J. M. McKLEROY, contra.

STONE, J.—The general, statutory rule as to the right of homestead exemption in this State, is that it must have been "owned and occupied" by the claimant at the time it is sought to be subjected; or, correctly speaking, when a lien upon it would attach, in the absence of such occupancy.—Code of 1876, § 2820; *Hudson v. Kelly*, 70 Ala. 393. Section 2843 of the Code makes an exception as to actual occupancy. Under its provisions, "a temporary quitting, or leasing the [premises] for a period of not more than twelve months at any one time, shall not be deemed to be an abandonment of it [them] as his homestead." Temporary quitting, must mean a temporary absence, with the intention of returning; such, for illustration, as visiting a watering-place. Some persons have a summer residence in the country, and close up the residence in town during such country sojourn. This is temporary absence, the *animus revertendi* existing all the while. *Leasing the premises for a period of not more than twelve months at any one time.* But for this clause, whenever the homestead is let to rent, and the owner removes from it, there would be a cessation of his occupancy.— *Waugh v. Montgomery*, 67 Ala. 573; *Lehman, Durr & Co. v. Bryan*, 67 Ala. 558; *Stow v. Lillie*, 63 Ala. 257; *Boyle v. Shulman*, 59 Ala. 566. We think the clause we are considering must be understood as meaning, that if the owner does not in fact return and occupy the premises, until after a lapse of more than twelve months of continuous time, they being all the while in the occupancy of a tenant, or succession of tenants, holding in rightful possession, then the right of exemption is lost; and that loss must date from the time the owner, by his contract of letting, puts it out of his power to return and re-occupy, within twelve months after quitting the possession. The right of

homestead " is conferred to protect the roof that shelters, and can not be converted into a shield of investments in lands, from which rents and profits are to be derived."—*Boyle v. Shulman, supra.*

And the homestead right, to be available, must exist at and before the date of the execution lien. Subsequent entry and occupation of the premises can not retroact, so as to give validity to the claim.—*Ib.*

At the time of the levy in this case, the owner was out of possession—the premises having been let to a tenant, rendering rent, for a term of six months. The owner had also let them to like rent for another year, to commence at the expiration of the first lease. He had thus disabled himself to occupy for a continuous term of eighteen months. This was a forfeiture of his homestead exemption.

The judgment of the Circuit Court is affirmed.