# Murphy *v.* Hunt, Miller & Co.

### *Contest of Homestead Exemption.*

1. *Right of homestead exemption; how determined.*—The right to a homestead exemption must be determined by the facts existing at the time the lien under process attaches; and hence, if the debtor be a non-resident of the State at the time the lien attaches, his subsequent removal to the State does not entitle him to a homestead exemption as against such lien.

2. *Change of domicil; what constitutes.*—A change of domicil can be accomplished only by a completed act, done with the intention of consummating a removal from the original domicil *animo manendi;* and what state of facts constitutes such change, is a mixed question of law and fact.

3. *Same; when a question for the court, and when for the jury.*—In cases free from doubt, the court may charge the jury that a change of domicil may be inferred, as matter of law, from a given state of undisputed facts; but when the facts are disputed, or the inferences to be drawn from them are at all doubtful, the question of intention should generally be submitted to the jury as one of fact.

4. *Right of homestead exemption; when lost.*—A debtor loses his right of exemption of his homestead from levy and sale under process, by leaving and quitting the premises, and placing a tenant in possession, without having filed his written declaration and claim for record in the office of the judge of probate, in accordance with the requirements of section 2843 of the Code of 1876.

5. *Same.*—The mere lodging of his claim, in such case, with the sheriff after the levy of process, under the provisions of section 2834 of the Code of 1876, will not entitle him to an exemption of the premises from levy and sale under the process.

APPEAL from Chambers Circuit Court.

Tried before Hon. JAMES E. COBB.

Hurst, Murphy & Co., the appellees, having, at the spring term, 1883, of said court, recovered a judgment against the appellant, J. H. Murphy, caused an execution issuing thereon to be levied on a designated lot in the town of LaFayette. After the levy the appellant lodged with the sheriff a claim to the lot as exempt to him as a homestead, in pursuance of section 2834 of the Code of 1876. This claim was contested by the appellees; and the contest was tried on an issue " made up and joined under the direction of the court," the trial resulting in a verdict in favor of the appellees, and a condemnation of the lot to sale for the satisfaction of the judgment.

The facts disclosed by the record, necessary to an understanding of the points decided, are sufficiently stated in the opinion.

VOL. LXXV.

[Murphy v. Hunt, Miller & Co.]

W. H. BARNES, for appellant.

E. G. RICHARDS, *contra.*

SOMERVILLE, J.—The right to a homestead or other exemption, which is conferred by the Constitution and the statute laws of this State, must be determined according to the state of facts existing at the time when the lien of execution or other process against the claimant attaches. If the right does not exist at this particular time, it can not be created by any subsequent act of the execution debtor. If, therefore, the claimant was a non-resident of the State at the time of the levy of the appellees' writ of attachment, it is manifest that his subsequent removal back to the State from Texas, could not operate to divest such lien.—*McCrary v. Chase & Co.*, 71 Ala. 540. A different doctrine, it is true, was asserted in *Watson v. Simpson*, 5 Ala. 233, but that case must be considered as overruled by *McCrary v. Chase & Co., supra.*

It is the plain intent of our constitutional and statutory provisions, that the right to a homestead exemption is intended only for the benefit of residents of the State and their families, and can not be invoked by non-residents.—*Talmadge v. Talmadge*, 66 Ala. 199; Constitution, 1875, Art. x, § 2; Code, 1876, § 2820.

What state of facts shall be deemed to constitute a change of domicil may be considered a mixed question of law and fact, and is one proverbially difficult to determine, owing to the doubtful interpretations of human conduct. It is universally admitted that such a change is never effected by intention alone. It can be accomplished only by a completed act, done with the purpose of consummating a permanent removal from the original domicil, *animo manendi.* The old domicil continues until a new one is acquired *facto et animo.—State v. Hallett*, 8 Ala. 159; *Glover v. Glover*, 18 Ala. 367; Story's Confl. Laws, § 47; *Talmadge v. Talmadge, supra.* A change of domicil can not be inferred from an absence which is shown to be temporary, and attended with the requisite *animus revertendi.—McConnaughy v. Baxter*, 55 Ala. 379; *Kelly v. Garrett*, 67 Ala. 304. The intention to return is usually the controlling element in the determination of the whole question. *Lehman v. Bryan*, 67 Ala. 558.

In cases free from doubt, it is obvious that the court may charge the jury that a change of domicil may be inferred, as matter of law, from a given state of undisputed facts. But where the facts are disputed, or the inferences to be drawn from them are at all doubtful, the question of intention should generally be submitted to the jury as one of fact.

The evidence in the present case was, perhaps, sufficiently conflicting as to the *animus revertendi* on defendant's part, to have authorized the submission of the question to the jury, had the issue in dispute not turned on another point, which is made conclusive by the statute, and which we now proceed to consider.

The defendant's right of homestead exemption was lost, in our judgment, by his leasing and quitting the premises, and placing his tenant in possession, without having filed his written declaration and claim of exemption for record in the office of the probate judge, in accordance with the requirement of section 2843 of the Code.

Before the enactment of the statute now partially embraced in this section of the Code, it was held by the court, in *Kaster v. Mc Williams*, 41 Ala. 302, that the actual occupancy and use of the homestead by the owner or his family were necessary to entitle him to its exemption from levy and sale, and that this right was lost when he abandoned its occupancy and rented it out, to be occupied by a tenant. The principle declared in that case has been since repeatedly affirmed.—*Stow v. Lillie*, 63 Ala. 257; *Boyle v. Shulman*, 5ᴶ Ala. 566. Our present Constitution and statutes recognize this ruling, by providing for the exemption only of such a homestead as may "be owned and *occupied*" by residents of this State, and such exemption is declared to continue only during "occupancy."—Const. 1875, Art. x, § 2; Code 1876, § 2820; *Martin v. Lile*, 63 Ala. 406; *Preiss v. Campbell*, 59 Ala. 635.

It is declared, however, by section 2843 of the Code that "a temporary quitting or leasing" of a homestead for a period of not more than twelve months at any one time, "shall not be deemed to be an abandonment" of the right of homestead exemption where it otherwise existed. But this temporary leasing is not only limited in point of time, but is permitted only on a certain specified condition. The owner must "make and *file* a declaration and claim" especially provided for by the statute. It is only by conforming to this statutory condition that the right of exemption remains unimpaired, and the leased premises are permitted to "remain subject to the same right of homestead" as if the claimant "had continued in the actual occupancy thereof."—Code, § 2843.

It is insisted by appellant's counsel that this section has reference as well to a claim of exemption lodged with the sheriff under the provisions of section 2834, as to a filing for record in the office of the probate judge, in accordance with the requirements of section 2828 of the Code. We are of opinion that this construction is unsound, and that the declaration and claim of homestead here referred to is the one described

in section 2828, which is required to be in writing, describing the property selected and claimed as exempt, and to be verified by oath and "filed for record in the office of the probate court of the county in which the property is situated."—Code, § 2828; *Boyle v. Shulman,* 59 Ala. 566.  The words used are, " if he shall make and file the *declaration and claim* as herein provided."—Code, § 2843.  This is the precise description of the declaration in writing required by section 2828 to be filed for record with the probate judge.  It is elsewhere characterized as " such declaration and claim " without any doubt as to the subject of reference.—Code, § 2830.  The claim authorized to be made after a levy is perfected under sections 2832 and 2833 is designated as a " claim in writing under oath," and the language used is, that it shall " be *lodged* with the officer making the levy."—§ 2834.  The identity of phraseology used, as well as the reason of the law, shows that " the declaration and claim " alluded to in section 2843 is the one described in section 2828, and not the claim required to be lodged with the sheriff for the purpose of inaugurating a contest with the levying creditor under section 2834.  The latter is a mere *claim.*  The former is something more.  It is a *declaration* as well as a *claim.*  It imports the idea of public notification, or publicity.  When made and recorded, its effect is to " operate as *notice* " of its own contents to all creditors and others interested.—Code, § 2828.  And as against the creditors of the claimant it is declared to be "*prima facie* evidence of the correctness of such claim," and may be " repeated from time to time as occasion may require."—Code, § 2831.

Where the debtor has abandoned the actual occupancy of his homestead, and lets it to a tenant, there is good reason for requiring a recorded declaration to be made explanatory of his intention.  Such quitting and leasing, without explanation, is *prima facie* an abandonment.  But this presumption may be rebutted by a *contemporaneous* claim of exemption, making public the *animus revertendi* on the part of the debtor.  Such a declaration thus becomes a part of the *res gestæ* of the leasing itself, putting creditors upon warning as to the claimant's published purpose to return.  The lodging of a claim with the sheriff after making a levy would be in the nature of a declaration made *post litem motam,* or one advantageous to the declarant after the rights of creditors have intervened, and would be entitled to little weight, as evidence in explanation of antecedent intention.—Thomp. Homesteads, § 270.

We are of opinion that the failure of the appellant to file his claim of exemption in the office of the probate judge operated, under the facts of this case, as a forfeiture of his right to

homestead exemption. The court, in effect, so charged the jury, and its judgment is affirmed.