# Turner v. Turner *et al.*

*Petition by widow for allotment of Homestead.*

107  465
114  343
107  465
122  629
107  465
d131  345

1. *Actual occupancy necessary to create homestead right.*— Actual occupancy of the property is essential to a valid claim of homestead exemption in this State, except in the single case of the filing of a declaration of claim to a homestead exemption in the office of the probate judge upon leaving the homestead temporarily, or a leasing of the same.

2. *Same.*—Homestead *ex vi termini* means the family seat or mansion, and the change of verbiage, in our statute, by the codifiers, in compiling the code of 1886, whereby they omitted from section 2507 the phrase "owned and occupied by any resident of this State" was not intended to affect the well settled rule recognizing actual occupancy as an essential condition of a valid homestead exemption except in the single case of the filing of a declaration of claim to a homestead exemption in the office of the judge of probate upon leaving the homestead temporarily, or a leasing of the same—and it is to the case of such temporary leaving or leasing, supplemented by the filing of such declaration, that the words "or to which he was then entitled" in section 2550 of the code must be referred.

3. *Same, Code § 2544.*—Code 1886, § 2544, providing for the homestead right of the widow and minor child or children in other lands in lieu of the homestead has no application where the decedent had and occupied a homestead which was exempt under the law.

4. *Same—disconnected lands.*—The doctrine in this State that a disconnected tract not contiguous to the tract upon which the dwell-

30

ing is situated, but *bona fide* and habitually used as part of it, may become impressed with the homestead character notwithstanding its remoteness or separateness from the homestead, does not dispense with the necessity of actual occupancy in any case other than that provided by Code 1886 § 2539, but rests upon the ownership and connected use of the two disconnected tracts by the same person as one and the same homestead and direct source of family support.

5. *Same.*—The fact that rents are derived from property disconnected from the dwelling and used for the support of the family, does not impress such disconnected property with the character of a homestead, as it is the *use of the thing* not of its profits, or an income derived from it that the statute contemplates.

6. *Homestead claim to hotel building.*—A building built for, adapted to, and used as an hotel by the owner who conducts the business cannot be claimed as a homestead, even though the owner resides therein as an incident to his business.

Appeal from the Probate Court of Cleburne.

Tried before the Hon. S. P. Baker.

Nancy Turner, the widow of L. M. Turner, deceased, filed her application in the probate court of Cleburne county, to have set apart to her, as exempt from administration, a homestead in the lands of which her husband died seized. Commissioners were appointed, and their report, seting apart a hotel as a part of his homestead as exempt to the widow was excepted to by the heirs of the said L. M. Turner, deceased; and a contest was thereupon instituted. This contest was sustained by the court, and the report of the commissioners was set aside. The other facts of the case are sufficiently stated in the opinion. The widow now appeals from the decree of the probate court setting aside the report of the commissioners and assigns the same as error.

AIKEN & BURTON for the appellant—The hotel and hotel lot are exempt to the widow.

It and the dwelling, lie in a *compact body* and do not exceed in area and value the amount exempt.

Suppose there was *no hotel* on the lot and it had been used in connection with the said dwelling would it not have been exempt?

Can it make any difference that the hotel is erected on it, as long as it does not exceed in value the amount exempt?—*Smith v. Stewart*, 13 Nev. 65 ; *Arendt v. Mace*, 76 Cal. 375 ; s. c. 9 Am. St. R. 207 ; *Parisot v. Tucker*,

[Turner v. Turner *et al.*]

6.5 Miss. 439. Even where two tracts are separated, if they are occupied and cultivated in connection with each other and *were used as a common source of family support, they are exempt.* *Shubert v. Winston,* (Ala.) 11 So. Rep. 200; *Hogan v. Manners,* 23 Kans. 551; s. c. 33 Am. R. 199.

The *burden* is on appellees to show that the allotment of the appraisers, was wrong, they have not done this. All the evidence is set out in the record—and it is not made to appear with sufficient certainty and definiteness, *that the part* of *said report,* which the court refused to confirm—does not embrace a part of the homestead of decedent at the time of his death.

The probate court should have confirmed the report of the appraisers with the evidence it had before it.

The presumption is —that their report is *correct* being made under oath and as sworn officers of the court—it should not be set aside, without *full* and *adequate proof.* This the record does not show was had. The court could only *confirm* or *set aside the report*—it could not confirm *in part* and *set it aside in part.* Codes 1886, § *2555.*

MERRILL & BRIDGES for the appellees.—It is the homestead of the decedent, occupied by him at the time of his death, which the statute exempts to the surviving widow, and not other lands separate and apart from the homestead, and not used by the decedent in connection therewith.—Code § 2543; *Jaffrey & Co. v. McGough,* 88 Ala. 648; *Alford v. Alford,* 88 Ala. 656; *Dicus v. Hall, Hooper & Co.* 83 Ala. 159.

The owner of an hotel erected for and adapted to the purposes of public entertainment would not have homestead therein, though he resides there with his family. *Garrett et al. v. Jones,* 95 Ala. 96; Same case, 10 So. Rep. 702.

As to occupancy and use of homestead, the same rule applies in application for exemption by widow as in claim of exemption by debtor.—*Alford v. Alford,* 88 Ala. 656; *Jaffrey & Co. v. McGough,* 88 Ala. 648.

HEAD, J.—The appeal is prosecuted from a decree of the probate court, setting aside the report of commissioners appointed to allot the homestead exemption to the widow of L. M. Turner, deceased. The sole question

presented by the record is whether that portion of the property of the deceased husband, owned at the time of his death, upon which is located the hotel, was a part of his homestead, and, as such, exempt from administration in favor of the widow. The facts are, that the decedent resided at the time of his death upon property owned by him situated on the west side of Oxford street in the town of Edwardsville, and he had, with the exception of two brief intervals, resided there for many years prior to his death. Across the street from his dwelling, in a different square, was the lot with the hotel building thereon erected by one Hogan, which property the decedent acquired. He had, during his life, occasionally taken meals at the hotel, for which he paid as other guests, and at one time he boarded there about six months. He also stored there a few articles of furniture, but beyond what we have stated, he had never occupied it. · On the contrary, it had been rented to tenants, who conducted it as a house of public entertainment, and one Foster was in possession of it, as a tenant, when Turner died. The home place of the decedent, with its yard, stables, garden and grass lot for pasture, seems to have been even more complete than urban homesteads usually are, and the hotel property, in no way contributed to the convenience or enjoyment of the residence, unless the use of the rents therefrom, in the support of his family can be so considered. According to the express provisions of section 2507 and 2543 of the Code of 1886, it is "the homestead with the improvements and appurtenances" not exceeding the statutory limit, as to area and value, which is exempt from administration, in favor of the widow and minor children. Additional words of description are used by section 2550 which provides for the appraisement of "the homestead of the decedent, occupied by him at the time of his death or to which he was then entitled." Construing these sections together, and with reference to section 2539, we do not doubt that actual occupancy of the property is as essential to a valid claim of homstead exemption in this State as it ever was, except in the single case of the filing of a declaration of claim to a homestead exemption in the office of the probate judge, upon leaving the homestead temporarily, or a leasing of the same. Homstead *ex vi termini* means the family seat or mansion, and the change

[Turner v. Turner *et al.*]

of verbiage in our statute by the codifiers, in compiling
the Code of 1886, whereby they omitted from section
2507 the phrase, "owned and occupied by any resident
of this state" was not intended to affect the well settled
rule recognizing actual occupancy, except in the single
case stated, as an essential condition of a valid homestead
exemption.—*Beard v. Johnson*, 87 Ala. 729; *Jaffrey v.
McGough*, 88 Ala. 648. And it is to the case of temporary leaving or leasing, supplemented by the declaration
filed with the probate judge as provided by section 2539,
that the words "or to which he was then entitled" in
section 2550 must be referred.

We do not of course, overlook the case provided by
section 2544, where the decedent, at the time of his death,
had no homestead, but that section has no application
here, since it clearly appears the decedent actually had
and occupied a homestead, which was exempt under the
law. Nor is this construction at all in conflict with
*Dicus v. Hall*,, 83 Ala. 159, nor with the subsequent case
of *Jaffrey v. McGough*, 88 Ala. 648, recognizing it as correct, nor with the more recent case of *Hodges v. Winston*,
95 Ala. 514, decided upon its authority, and upon a similar state of facts. These cases hold that a disconnected
tract, not contiguous to the tract upon which the dwelling is situated, but *bona fide* and habitually used as a
part of it, may, by such use, become impressed with the
homestead character, notwithstanding its remoteness or
separation from the mansion house, but "this ruling has
not been extended further than to embrace two parcels,
already used and appropriated to homestead purposes
where they together do not exceed the statutory area and
valuation."—*Jaffrey v. McGough, supra*. The doctrine
of those cases is, not that actual occupancy may be dispensed with, in case other than that provided for by section 2539, but that the connected use of the two disconnected tracts, under the peculiar circumstances there existing, constituted occupancy by the same person as one
and the same homestead. This clearly appears from the
language of Stone, C. J., in *Beard v. Robinson*, 87 Ala.
729, where in speaking of the ruling in *Dicus v. Hall,
supra*, he says: The only question was, whether the
detached parcels of land, collectively, not in excess of
the limit, could be set apart as exempt, *when they were
shown to have been owned and occupied by the same person,*

*as one and the same homestead* and direct source of family support." (Italics ours).

It is argued by appellant's counsel that the use of the rents, from the hotel for the support of the decedent's family, constituted such a connected use of the disconnected property, as to impress the latter with the homestead character. It was expressly decided in *Kaster v. McWilliams*, 41 Ala. 302, that while the renting of land may be a source of profit which contributes to the support of the family, yet that is not the sort of use intended; the statute contemplating the *use of the thing* not of its profits or of an income derived from it. That case has been repeatedly cited and its principle reaffirmed in our subsequent decisions, (*Murphy v. Hunt*, 75 Ala. 438; *Lehman v. Bryan*, 67 Ala. 558; *McConnaughy v. Baxter*, 55 Ala. 379), and is conclusive against the correctness of appellant's contention. Our rulings are in accord with the general run of authorities elsewhere, which it would serve no useful purpose to cite. We refer merely to the case of *Semmes v. Wheatley*, (Miss.). 7 So. Rep. 430, decided upon substantially the same leading facts, as we find in the present record, where it was held that stores, owned by a debtor across a public road from his dwelling and rented to tenants who occupied them, formed no part of the homestead.

There is another principle equally conclusive against the appellant. As we said in *Garrett v. Jones*, 95, Ala. 96, whether a house and lot constitute a homestead "depends upon the character of the building and the uses to which it is adapted and to which it was devoted;" and we there declared, following the case of *Laughlin v. Wright*, 63 Cal. 113, and other authorities, that "the owner of an hotel, erected for and adapted to the purposes of public entertainment, would not have homestead therein though he resided there with his family." The proof shows that the building situated on what is called the hotel lot, was built for a hotel and has ever since been used for such purpose. If the decedent had resided there, and had conducted the business for which it was intended, with his residence therein but a mere incident to the business, it would not have been his exempt homestead. It would be very strange indeed, if his condition and that of his widow should be more

[Alexander *et al.* v. Wheeler.]

favorably considered, when the business was conducted by his tenants and he had a complete home place else-where, upon which he resided. To allow the hotel property to be set apart to the widow in this case, would be to extend the law by construction merely far beyond anything which the greatest permissible liberality would justify.

The decree of the probate court, being in accord with these views, was correct, and must be affirmed.

Affirmed.