# Waugh v. Montgomery.

*Homestead Exemption, and Redemption of Land held under a Mortgage.*

1. *Homestead exemption ; facts in bar of right to.*—A man who has not occupied premises, and who fails to interpose his claim to have them exempt until after the sheriff has sold, is not allowed the benefit of the exemption statutes.

2. *Mortgage credits.*—The purchaser of a mortgage debt who receives along with the mortgage a portion of the property mortgaged, must apply the property thus acquired to the satisfaction of the mortgage debt ; and proof failing, the presumption is that the property thus transferred cancels the debt.

APPEAL from Dallas Chancery Court.
Heard before Hon. CHARLES TURNER.

[Waugh v. Montgomery.]

In December, 1874, the appellee in this cause obtained a judgment in an attachment suit brought in the Circuit Court of Dallas county against the appellant, L. H. Montgomery. The judgment condemned the interest of Waugh in the land, the subject of this suit in Chancery. On the 15th day of March, 1875, the sheriff sold the lands and L. H. Montgomery became the purchaser. On 11th January, 1873, Mathew R. Waugh and his wife, E. A. Waugh, executed a mortgage upon this same tract of land to W. H. Couch, to secure payment for money and supplies advanced by Couch. This mortgage conveyed all the crop of cotton and corn to be grown in 1873, on the plantation of said Waugh, and also eight mules and all of the lands upon which the attachment was levied. On 22d January, 1875, Couch transferred the mortgage to Philo G. Cocks, a resident of the State of Mississippi, Waugh himself in the meantime having removed from Alabama to Mississippi. Waugh's purpose, as shown by the testimony, in going to Mississippi, was to make a crop and then return to Alabama. He had taken a lot of mules and horses with him to Mississippi. These mules and horses were of those mortgaged to Couch. They were surrendered to Couch, and when Couch transferred the mortgage to Cocks, these mules and horses were transferred also, as being a part of the property securing the mortgage.

The appellee filed his bill praying that he might be allowed to redeem the land, and to compel Cocks to account for the rents and profits during the time the land was held by him.

The appellant alleged, by cross-bill, that his removal to Mississippi was for the purpose of making a crop only, and that the removal was not with the intention of changing his residence, and that in consequence the attachment proceedings which were made the basis of Montgomery's judgment, was illegal.

The Chancellor directed the register to charge Cocks with the value of the mules and of the rent in favor of the appellee.

FELLOWS & JOHNS, for appellee.

REID and MAY, for appellant. (No brief came into the reporter's hands.)

STONE, J.—There are two conclusive reasons, not to notice any others, why Mr. Waugh's claim of homestead exemption can not be allowed. First, it is neither averred nor proved that he occupied the premises, which he claims as exempt. On the contrary, it is shown that neither he nor his

[Miller, Adm'r, v. King.]

family has occupied them since 1873.  Second, the claim was not interposed, until after the sale by the sheriff, at which Mr. Montgomery became the purchaser.—*Martin v. Lile*, 63 Ala. 406 ; *McConnaughy v. Baxter*, 55 Ala. 379 ; *Preiss v. Campbell*, 60 Ala. 635.  This disposes adversely of all claim asserted by Waugh.

If Mr. Cocks has any claim under the mortgage transferred to him by Couch, he has been very remiss in asserting it. The mortgage secured only one thousand dollars.  If the advances Couch made exceeded that sum, the mortgage did not secure the excess.  Of this one thousand dollars, Cocks paid six hundred, and had turned over to him six or eight mules and horses, covered by the mortgage, which was afterwards assigned to him.  *Prima facie* he was liable for the value of this stock so turned over, or rather, it was a payment to him, *pro tanto*, of the claim he asserts under the mortgage.  If this is susceptible of explanation, Cocks and Waugh could have explained it.  Neither of them was examined as a witness, either in chief, or on the accounting before the register.  The Chancellor did not err in decreeing that the value of the mules and horses should be a credit on the mortgage debt, because, first, Couch took possession of them under the mortgage ; and when Cocks paid the six hundred dollars, they were handed over on his order.  In taking the account, neither Waugh nor Cocks offered any proof ; and there were no exceptions filed to the report of the register.  In these conditions, we think the Chancellor was right in presuming that Cocks had no rightful or valid claim, to be enforced against the land.

The decree of the Chancellor is affirmed.