# Smith *v.* Whitfield.

## *Trover.*

1.　*Choses in action belonging to wife's statutory separate estate; power of husband to collect.*—The husband has the power to reduce to possession choses in action belonging to the wife as her statutory separate estate.

2.　*Same; power of husband to reinvest.*—When such choses in action have been reduced to possession by the husband, he, as trustee of the wife, has the power, and it is his duty to invest the proceeds in other property; and when invested in other property, such property becomes the statutory separate estate of the wife.

3.　*Wife's statutory separate estate; what a part of.*—Where the wife, as legatee, was entitled to a distributive share in certain assets in the hands of the personal representative of her testator, consisting in part of a note made by a debtor to the estate, such distributive share being her statutory separate estate, and the husband purchased for her from such debtor a horse and paid for it by getting the personal representative to credit the amount of the price of the horse on the note, and charge it to the wife on account of her distributive share in said assets,—*held,* that this was not an assignment or transfer by the husband of a part of the distributive share of the wife in payment for the horse, but was a payment of the price of the horse by a payment *pro tanto* of the wife's distributive share; and that by operation of law, the legal title to the horse vested in the wife, as her statutory separate estate.

APPEAL from Marengo Circuit Court.

Tried before Hon. HARRY T. TOULMIN.

This was an action of trover, brought by Mary M. Whitfield, a married woman, against S. D. Smith, to recover damages for the alleged conversion by the defendant of a horse, averred to have belonged to the plaintiff as a part of her statutory separate estate. The cause was tried on issue joined on the plea of not guilty. There was no conflict in the evidence introduced on the trial in the court below, and the facts disclosed thereby are, in substance, as follows: The plaintiff, the wife of Clinton Whitfield, as legatee under the will of Mary Bryan, deceased, was, in January, 1876, entitled to a portion of the assets belonging to her testatrix' estate, then in the hands of the administrator *de bonis non*, with the will annexed, a part of which assets consisted of a note made by one M. W. Davis, for $2,000, past due; and her interest in said personal assets under said will was a part of her statutory separate estate. During the year 1876, plaintiff's husband offered to buy from Davis the horse in controversy for plaintiff, and to pay for it by giving him credit on the note which Davis owed

to the administrator of plaintiff's testatrix for the agreed price of the horse, and have the same charged to his wife on account of her distributive share in said note, if the administrator would agree to such an arrangement; and he further agreed to give Smith an order on the administrator for the price of the horse, to be credited on said note. Davis accepted the offer, and in consideration thereof, and of the agreement on the part of plaintiff's husband to give said order, delivered the horse to him, who took and held possession of it for plaintiff until some time thereafter, when the horse was put in the possession of one Cheney as plaintiff's agent. No part of the transaction between the plaintiff's husband and Davis was in writing. The administrator of the estate of plaintiff's testatrix, agreed to the arrangement made by plaintiff's husband with Davis, and afterwards, on a settlement of the note, Davis was allowed a credit thereon for the price of the horse, and the amount thereof was charged against the plaintiff on her distributive share in said estate; but the plaintiff's husband never gave Davis the order on the administrator as he had agreed to do. In April, 1877, the defendant sued out an attachment against the plaintiff's husband to recover a debt which he owed the defendant, and which was contracted prior to the purchase of the horse; the attachment was levied on the horse as the property of plaintiff's husband; and afterwards the horse was sold under proceedings duly had in the attachment suit, and at the sale the defendant became the purchaser, took possession under his purchase, and afterwards, and before the commencement of this suit, sold it. The value of the horse was also proved.

The court, *ex mero motu*, charged the jury, among other things, as follows: 1. "If the jury believe from the evidence, that the plaintiff's husband bought the horse from Davis for his wife and in her name, and they agreed that Davis was to be paid for it by getting credit on his note due Bryan's estate, of which estate the plaintiff was a distributee; and they find that the administrator of said estate consented to said arrangement, and subsequently credited said Davis on the settlement of his said note with the purchase-price of the horse, and charged the same to plaintiff on her distributive share in said note, then the horse was the statutory separate estate of plaintiff, and could not be taken for her husband's debt." 2. "That the possession of the horse by Cheney as agent of plaintiff, or of her husband, was her possession." To each of these charges the defendant separately excepted. The defendant asked the court in writing to give the following charges: 1. "If the jury believe the evidence in this cause, they must find for the defendant." 2. "If the jury believe from the evidence, that Whitfield, the husband of the plaintiff, obtained the horse

[Smith v. Whitfield.]

sued for from Davis by agreeing to give him an order for the amount of the price thereof on the administrator of the estate of Mary Bryan, deceased, of whom plaintiff was a legatee, and of which estate she was entitled to a distributive share, and she did not join in any order with her said husband, the plaintiff can not recover in this action, and they must find for the defendant." The court refused to give each of these charges, and the defendant separately excepted.

The plaintiff recovered a judgment on verdict, from which this appeal was taken. The rulings above noted are here assigned as error.

W. H. TAYLOE, for appellant.—(1) That appellee's interest in the estate of Mary Bryan was property, is beyond dispute. *Sharpe v. Burns*, 35 Ala. 662; *Hardy v. Boaz*, 29 Ala. 168. And it was her statutory separate estate.—*Smilie v. Siler's Adm'r*, 35 Ala. 88. It could, therefore, only be conveyed as provided by statute.—Code of 1876, § 2707. (2) No conveyance was made of any portion of the appellee's said estate, and the entire agreement between her husband and Davis was verbal. The title to no part of her separate estate, therefore, passed to Davis. The transaction merely gave her the right to elect whether she would take the horse or her full share in said estate.—*Bolling v. Mock*, 35 Ala. 727; *Evans v. English*, 61 Ala. 424. Her remedy, therefore, was not at law, and she can not recover in this action.—11 Ala. 859; 35 Ala. 102. (3) Under the decision in *Wilder & Co. v. Abernethy*, 54 Ala. 644, the horse was subject to the payment of the husband's debt.

GEO. G. LYON, *contra*.—The evidence shows a statement of facts that can be construed to be nothing more or less than that the appellee's husband received a part of the portion of the proceeds of Davis' note to the administrator of the estate of Mary Bryan, deceased, that was coming to his wife, as her statutory separate estate, from said estate, of which she was a distributee, and that he invested it in the purchase of the horse for his wife. As her husband and trustee he had the right and power to do both.—Code of 1876, §§ 2709, 2710; *Evans v. English*, 61 Ala. p. 425. There was no sale or alienation of the wife's statutory separate estate.

BRICKELL, C. J.—The share of the wife, as a distributee of the unsettled estate of Mary Bryan, in the hands of the administrator, Evans, was a part of the *corpus* of the statutory separate estate of the wife.—*Smilie v. Siler*, 35 Ala. 88; *Sharpe v. Burns, Ib.*, 653. The husband has not power to assign or transfer it, and it was incapable of transfer or assign-

ment in any other mode than by instrument in writing signed by husband and wife, and attested by two witnesses, or acknowledged as the statute directs.—*Smith v. Oliver*, 31 Ala. 39; *Whitman v. Abernathy*, 33 Ala. 154. If the husband, by assignment or transfer, had alienated the distributive share, converting it into property of any other kind, the wife could have elected to take and hold such property. The election could not be asserted in a court of law, thereby drawing to the wife the legal title to such property. In a court of equity only could the election be manifested, the husband converted into a trustee, and divested of the legal title. Until the election was manifested, and the equity of the wife declared and enforced by a decree, the legal title would reside in the husband.—*Bolling v. Mock*, 35 Ala. 727; *Evans v. English*, 61 Ala. 416.

The statutory separate estate of the wife vests in the husband as her trustee, and it is declared: "The husband has power to receive property enuring to his wife, or to which she is entitled; and his receipt therefor is a full discharge in law and equity."—Code of 1876, § 2710. This power is most frequently exercised by the husband in reducing to possession the choses in action of the wife. When reduced to possession, as trustee, the husband has power, and it is a duty to invest the proceeds in other property, or to use them as may be most beneficial for the wife. If invested in other property, such property becomes the statutory separate estate of the wife. *Marks v. Cowles*, 53 Ala. 499.

The point of controversy in this case is, whether there was an assignment or transfer by the husband of a part of the distributive share of the wife in payment for the horse; or, whether there was payment of the price by a payment *pro tanto* of the distributive share. The latter is the true character of the transaction. It was not intended that any part of the distributive share should be transferred to Davis, the vendor. It was intended only that a credit to him upon his note, payable to the administrator, should operate a payment of the price of the horse, and a payment to the husband to that extent of the distributive share of the wife. This was the transaction in fact and in legal effect. The price of the horse was paid—there was an exemption to the husband of all liability for it, and a corresponding exemption to the administrator to its amount from all liability for the distributive share. By operation of law, the legal title to the horse was invested in the wife—it was her statutory separate estate.—*English v. Evans, supra*. The case bears no analogy to that of *Wilder v. Abernethy*, 54 Ala. 644, in which the husband, carrying on business in the name of the wife, purchased goods on the credit of the wife, not using

the moneys or effects of the wife, and it was held, the goods were not the property of the wife.

There is no error in the rulings of the Circuit Court, and its judgment is affirmed.